**CAMPBELL (City), Plaintiff-Appellee, v. HASSAY, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

Nos. 3082 and 3083.   Decided 1945.

W. P. Barnum, Youngstown, for plaintiff-appellee.

Clyde W. Osborn, Youngstown, for defendant appellant, John B. Hassay.

A. L. Johnson, Youngstown, for defendant-appellant, Nathaniel C. Patton.

## OPINION

By PHILLIPS, J.

Defendant John B. Hassay was the duly appointed, qualified and acting Director of Service and Safety and defendant Nathaniel C. Patton, his appointee, was the duly appointed, qualified and acting Clerk in the Water Works Department of plaintiff, City of Campbell, Ohio, a municipal corporation, during the administration of Anthony Pacella as mayor thereof. Each of them entered into a separate faithful performance bond with that city in the amount of $3,000.00. Those bonds provided inter alia respectively as follows:

"The conditions of the foregoing obligation are such, that, whereas, the Principal has been appointed Safety Service Director for the term beginning January 15, 1940 and ending January 15th, 1942. Now, therefore, if the Principal shall well and faithfully perform all and singular the duties incumbent upon him by reason of his appointment as aforesaid Safety Service Director, and honestly account for all moneys coming into his hands as such officer, according to law, except as hereinafter limited, then this obligation shall be null and void; otherwise of full force and virtue."

"The conditions of the aforegoing obligation are such, that, whereas, the Principal has been appointed Water Works Clerk for the term begining January 16, 1940 and ending January 16, 1942. Now, therefore, if the Principal shall well and faithfully perform all and singular the duties incumbent upon him by reason of his appointment as aforesaid Water Works Clerk, and honestly account for all moneys coming into his hands as such officer, according to law, except as hereinafter limited, then this obligation shall be null and void; other wise of full force and virtue."

Pursuant to §286 GC the Bureau of Accounting and Supervision of Public Offices of the State of Ohio made a joint and several finding in the amount of $11,170.65 against defendant

Hassay and defendant Patton, to whom defendant Hassay had delegated authority of collecting water rents, and their surety defendant National Casualty Company in favor of plaintiff city by reason of a shortage in the Water Works Department thereof during the administration of Anthony Pacella as Mayor of that city and during the effective period of the above bonds. Defendants Hassay and Patton failed to account for or to pay over to plaintiff city the amount of such finding at the close of the Pacella administration or at any time thereafter.

Plaintiff filed an action against defendants Hassay and Patton and their surety National Casualty Company to recover that amount, and alleged the appointment of Hassay as Safety Service Director and Patton as Clerk of the Water Works Department of the plaintiff city, the execution of the bonds, the failure of defendants Hassay and Patton to faithfully perform their duties and account for and pay over the above sum to plaintiff city, and prayed judgment against each of such defendants for $11,170.65. All parties to that action waived trial by jury and submitted the case to a judge of the court of common pleas, who sitting as a jury found in favor of plaintiff city against defendants Hassay and Patton in the sum of $11,170.65, and defendant National Casualty Company in the sum of $4,500.00 and entered judgment upon that finding. Subsequently defendant National Casualty Company paid plaintiff city the sum of $4,500.00 in full satisfaction and discharge of their liability to it in the amount of $6,000.00. Thereafter defendants Hassay and Patton filed separate appeals in this court on questions of law, both of which appeals were argued separately. However disposition of the contentions of the respective parties in those appeals will be made in this opinion.

On January 13, 1925, the Council of plaintiff city passed the following ordinance:—

"CHAPTER 58

MERGER OF CERTAIN DUTIES WITH DUTIES OF CITY AUDITOR: CREATING OFFICE OF ONE ASSISTANT AUDITOR, AND ONE SPECIAL CLERK TO THE AUDITOR.

Section 1. (Office of Water Works Clerk Established). That the office of Clerk of Water Works be and the same is hereby established.

Section 2. (Duties).

That the duties of said Clerk of Water Works shall be to take charge of the books and accounts relating to the Water Works System of the City and to do and perform all the cleri-

cal work required in the operation of said water works system, collect all water rentals, keep an accurate account of the same and pay all water rents collected, weekly, to the Treasurer of the City of East Youngstown, Ohio (now Campbell).

Section 3. (Duties Merged).

That the duties of the Clerk of Water Works and Clerk of the City Council are hereby merged with the duties of the City Auditor.

Section 4. (Assistant Auditor, Salary and Bond).

That the Auditor of said City be, and he hereby is authorized to employ one Assistant Auditor whose duties shall be to perform all services incident to the duties of the City Auditor, and he shall receive a salary of Two Thousand, One Hundred ($2,100.00) Dollars per annum, payable semi-monthly, and shall give bond in the sum of Two Thousand ($2,000.00) Dollars.

Section 5. (Office of Special Clerk Established).

That the office of Special Clerk to the Auditor be, and the same is hereby established.

Section 6. (Term).

That the term of said office shall be for the period of six (6) months from and after the taking effect of this ordinance.

Section 7. (Duties).

Said Special Clerk shall perform such duties as may be required and prescribed by the City Auditor.

Section 8. (Salary and Bond).

The salary of said Special Clerk shall be, and the same is hereby fixed at Two Hundred and Fifty ($250.00) Dollars per month, during the term of said office, and he shall furnish bond in the sum of Fifteen Hundred ($1500.00) Dollars, conditioned upon the faithful performance of the duties of said office.

Section 9. (Additional Office).

The office of Special Clerk to the Auditor as herein provided, shall be in addition to the office of Assistant Auditor heretofore established by ordinance of Council."

Defendant Hassay contends that the question presented for the consideration and determination of this court with reference to him is whether he can "be held statutorily liable by virtue of §9 GC, for the defalcation in the light of the ordinance passed by council on January 13, 1925, which ordinance creates and establishes "the office of Water Works Clerk" in Section 1 and strictly defines his duties in Section 2 thereof

or—is the effect of this ordinance such an exercise of that home rule provision of Art 18, Sec. 3 of the Constitution, as to relieve this appellant from any statutory liability as defined in §9 GC, which provides as follows:

"A deputy, when duly qualified, may perform all and singular the duties of his principal. A deputy or clerk, appointed in pursuance of law, shall hold the appointment only during the pleasure of the officer appointing him. The principal may take from his deputy or clerk a bond, with sureties, conditioned for the faithful performance of the duties of the appointment. In all cases the principal shall be answerable for the neglect or misconduct in office of his deputy or clerk."

Counsel for defendant Hassay argues that by its action in passing the quoted ordinance the Council of plaintiff city took the powers conferred and duties imposed upon him by §§3956, 3958 and 3960, GC, for the collection of water rents and payment thereof to the Treasurer of plaintiff city away from him "and placed them squarely on the shoulders of the newly created office of Water Works Clerk", that plaintiff, a non-charter municipality, can take advantage of the right of home rule by the passage of the ordinance quoted herein.

Defendant Hassay admits that if his duties were no way changed by the passage of the ordinance to which reference is made that under the provisions of §9 he would be liable for any shortage arising either through his delinquencies or those of his subordinates, but relies upon the assumption that by the passage of such ordinance the council of plaintiff city "desired" to take the duty of collecting and paying water rents over to its treasurer from defendant Hassay and impose that duty upon defendant Patton.

Tersely stated the contention of defendant Hassay is that by the passage of Ordinance No. 58 plaintiff, City of Campbell, a non-charter city, relieved Hassay of his liability in the premises as fixed by state statute.

Counsel for plaintiff agrees "to the general proposition that in certain respects the home rule amendment to the Constitution of Ohio is self-executing and permits non-charter cities to legislate upon certain questions, but we (they) strenuously contend that in such a case such legislation by a municipality can not be in contravention of the general laws of the State of Ohio", and cites City of Cincinnati, Appellant, v Gamble, et al., Bd of Trustees of Retirement System of City of Cincinnati et al., Appellees, 138 Oh St 220, in which the Supreme Court also decides the case of State, ex rel Ellis, City

**Solicitor, Appellant, v Stewart et al, Council of City of Cincinnati, et al, Appellees,** and at page 228 says

"As to the other power—the power of the municipality in acting as an instrumentality of the state—it was stated in **Billings v Cleveland Ry. Co.**, 92 Ohio St., 478, at 484, 111 N. E. 155, decided in 1915: 'It must not be overlooked that the municipal government, as well after a charter has been adopted as before, is an arm or agency—a part—of the state. * * * **The** charter (in a charter city) becomes the organic law of the municipality so far as such local powers are concerned. But the authority of the state is supreme over the municipality and its citizens as to every matter and every relationship not embraced within the field of local self-government.' See, also, **Niehaus, Bldg. Inspector, v State, ex rel. Bd. of Edn.**, 111 Oh St., 47, 144 N. E., 433; **State ex rel. Ellis, City Solicitor, v Blakemore, Clerk**, 116 Oh St. 650 at 659, 157 N. E., 330; **State, ex rel. Ramey, v Davis et al., County Commrs.**, 119 Oh St., 596, 165 N. E., 298; **State, ex rel. Brickell, v Frank, County Treas.**, 129 Oh St., 604, 196 N. E. 416.

"It is apparent from an examination of these authorities that the municipality may not take action by charter or ordinance contrary to statute in matters of state-wide concern for these remain essentially the prerogative of state sovereignty."

Plaintiff's contention and the authority cited present the question whether the action taken by plaintiff city in enacting ordinance 58 was a matter embraced within the field of local self-government or was a matter of state wide concern, but viewing this case as this court does it is believed that it is not necessary to answer that question in order to decide this case.

"The director of public service shall manage, conduct and control the water works, furnish supplies of water, collect water rents, and appoint necessary officers and agents." **Sec. 3956 GC.**

"Such director may make such by-laws and regulations as he deems necessary for the safe, economical and efficient management and protection of the water works. * * *". **Sec. 3957 GC.**

"For the purpose of paying the expenses of conducting and managing the water works, such director may assess and collect from time to time a water rent of sufficient amount in

such manner as he deems most equitable upon all tenements and premises supplied with water." **Sec. 3958 GC.**

"Money collected for water works purposes shall be deposited weekly with the treasurer of the corporation. Money so deposited shall be kept as a separate and distinct fund. When appropriated by council, it shall be subject to the order of the director of public service. Such director shall sign all orders drawn on the treasurer of the corporation against such fund." **Sec. 3960, GC.**

"The powers of council shall be legislative only, and it shall perform no administrative duties whatever and it shall neither appoint nor confirm any officer or employe in the city government except those of its own body, except as is otherwise provided in this title." **Sec. 4211, GC.**

"The director of public service may establish such subdepartment as may be necessary and determine the number of * * * other persons, necessary for the execution of the work and the performance of the duties of this department." **Sec. 4327 GC.**

"Except as otherwise provided in this title, council, by ordinance or resolution * * * shall fix by ordinance or resolution their respective salaries and compensation of each * * * employee in each department." **Sec. 4214 GC.**

It seems clear from the cited sections of the General Code that since the duty of the entire managment of the Water Works Department in plaintiff city, including the collection and depositing of water rents, is imposed by such sections solely upon the director of public service that the only duty and responsibilty imposed upon council is to fix the salaries or compensation and if required the amount of the bonds of the assistants whom the director determined he required to manage the Water Works Department thereof.

It would seem that the management of the Water Works Department of plaintiff city is purely an administrative function which council thereof cannot usurp, and that insofar as the ordinance 58 undertook to define the duties in question or create a new office of Clerk of the Water Works Department council plainly exceeded its authority.

The conclusion is reached that the office of Clerk of the Water Works Department of the City of Campbell is not a separate and distinct office, but is an integral part of the Water Works Department of that city and "the court holds that the head of a department cannot escape legal responsibility for a shortage by attempting to shift responsibility for

a shortage to and blame on a subordinate". See **City of Youngstown v Shea, 28 Abs 4**18. See also **Seward v National Surety Co., 120 Oh St 47, 165 N. E. 537.**

Since it is admitted that defendant Patton is an appointee of defendant Hassay and this court holds that since "Patton's duties are in no way changed or modified by the municipality that he (Hassay) would be liable under §9 GC, for any shortage arising either through the delinquencies of himself, or his subordinates"; and since defendant Patton failed to account for money received, expended by and cleared through the office of the Water Works Department of plaintiff city, as admittedly he did by pleading guilty to embezzling $11,050.00 as charged in an indictment returned by a grand jury of Mahoning County, to which reference is later made herein, defendant Hassay is liable for such defalcation.

It follows from what has been said and for other reasons not necessary to state that the judgment of the court of common pleas as to defendant Hassay must be and hereby is affirmed.

In the case of the **City of Youngstown v Hugh D. Hindman, et al, 66 Oh App 337,** which defendant Patton says is "analogous" to his position in this case, this court held:

"The head of a municipal department whose duties 'include the keeping and supervising of all accounts, and collection and custody of all public money of the city' is liable to the city for a defalcation of his subordinate, as is the surety on the official bond of such departmental head."

Regardless of our holding in that case; regardless of whether defendant Patton was an officer of the City of Campbell or was as he claims a clerk employee in the Water Works Department of that city; regardless of whether he embezzled any part or all of the amount for which the trial judge entered judgment against him; regardless of whether **§§3956, 3957, 3958, 3960 of the GC** "imposed the duties and responsibilities of managing, conducting and controlling a water works, furnishing supplies, collecting water rents and depositing said water rents weekly with the city treasurer explicitly and solely upon defendant John B. Hassay, defendant-appellant herein, as director of the Public Service of the City of Campbell, Ohio"; regardless of whether "the aforesaid sections of the ordinance are in conflict with and contrary to the aforesaid sections of the General Code of Ohio"; regardless of whether "the City of Campbell plainly exceeded its

authority, granted by **Ohio Constitution, Art 18, Sec 3,** and that by reason thereof said ordinance is invalid and inadmissible as evidence, as counsel for defendant Patton argues; the undisputed facts are that the monies to which reference is made came into his possession by virtue of his appointment as clerk in the Water Works Department of plaintiff city, and that after hearing the evidence of the state and of the defendant upon trial a judge of the court of common pleas accepted his plea of guilty of embezzling $11,050.00 as charged in an indictment returned by a grand jury of Mahoning County against defendant Patton, and on his oral motion probated him to the County Probation Officer for two years.

While the judge of the court of common pleas, who accepted that plea, observed that "under the evidence there could be but a technical guilt of defendant", still he pleaded guilty as charged in such indictment to embezzling such sum.

Obviously with reference to defendant Patton it is immaterial whether the court erred in permitting the ordinance passed by the Council of plaintiff city to be introduced in evidence, as his counsel urges, for upon the evidence submitted to us with or without such ordinance in evidence this court cannot find that the judgment of the trial court entered against defendant Patton is manifestly against the weight thereof or is contrary to law, as he claims.

The judgment of the court of common pleas as to defendant Patton must be and hereby is affirmed.

After leave of Court granted to defendant Hassay "to amend his answer, under the evidence", he alleged in his amended answer "that this action was not commenced within the time allowed by law after the proper officer of said municipality received the certified copy of the report as-provided in §286 GC."

In his answer filed in the court of common pleas defendant Patton "alleges (d) as defense to plaintiff's foregoing action that said action is barred by the statute of limitations in that same was not commenced within the time as provided by §§286 **and 286-3 GC;** and that plaintiff's foregoing petition does not state facts sufficent to constitute a cause of action against this defendant".

Mindful of the fact that this case proceeded to trial without objection of any of the parties, even though the transcript of the docket and journal entries fail to reveal that the trial judge formally overruled such demurrer, considering the assignments of error and briefs filed, and oral arguments made by counsel for defendants in which no reference was

made to such allegations, and the record submitted to us for review it is assumed that counsel for defendants claim no error prejudicial to them intervened in any stage of the proceedings with reference to such allegations.

The judgment of the court of common pleas as to defendants Hassay and Patton is affirmed.

NICHOLS, P. J., & CARTER, J., concur in judgment.